IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID J. LANDACRE,

    Plaintiff,

v.

LIZETTE CHANTAL, et al.,

    Defendants.                                     Case No. 07-cv-415-DRH

## MEMORANDUM & ORDER

HERNDON, District Judge:

### I. INTRODUCTION

Before the Court is Plaintiff's Motion to Remand (Doc. 9), which has been fully briefed by the parties and is now ripe for determination. Plaintiff initially filed suit on March 12, 2007, in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. This is a personal injury case in which Plaintiff seeks damages due to injuries suffered from an automobile collision, allegedly caused by defendant Lizette Chantal. In his Complaint, plaintiff David J. Landacre claims that on April 18, 2005, he was driving westbound on Illinois Route 104 in the town of Hadley, Pike County, Illinois. That same day, defendant Chantal was driving a tractor trailer, also traveling westbound on Illinois Route 104, near its intersection with C.R. #320th Street when she allegedly missed her turn onto a perpendicular

roadway. Upon realizing she missed her turn, Chantal allegedly stopped her tractor trailer in the middle of the road and attempted to back up in order to make the turn. Chantal's alleged negligence while operating the vehicle is what Plaintiff claims caused him to collide with the rear end of Chantal's tractor trailer. Due to this collision, Plaintiff claims he has "sustained injuries of a permanent and ongoing basis" and "has been sore, lame and disabled and is likely to remain so throughout his natural life," thus seeking damages for past and future medical expenses and past and future lost wages in an amount "in excess of Fifty Thousand Dollars ($50,000)" (Doc. 19, Ex. A, pp. 2-3). In addition to defendant Chantal, Plaintiff also sued Les Enterprises, Inc. ("Les") and D.A.M.I., Inc. ("DAMI") (collectively, "Defendants").

Defendants removed Plaintiff's suit to federal court on June 7, 2006, on the basis of diversity jurisdiction, **28 U.S.C. § 1332**. Plaintiff argues the removal is untimely and therefore, the case should be remanded. Conversely, Defendants argue they did not have notice that the amount in controversy would meet the requisite jurisdictional amount under **§ 1332** to warrant removal until a June 1, 2007, telephone conference with Plaintiff's counsel revealed that his client would be seeking damages in excess of $75,000 (*see* Doc. 5, Ex. B), and thus, their removal is timely. For the reasons as discussed in this Order, the Court finds removal was timely and proper.

## II. DISCUSSION

### A. Legal Standard

#### 1. Removal

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

#### 2. Diversity Jurisdiction

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d**

**215, 217 (7th Cir. 1997) (citations omitted)**. The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)**. When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. ***Id.* at 291-92**. "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. ***Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) (*citing St. Paul Mercury*, 303 U.S. at 289)**. However, a plaintiff "may not manipulate the process" to defeat federal jurisdiction and force a remand once the case has been properly removed. ***Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)(citations omitted)**.

**B.    Timeliness of Removal**

Although defendant Chantal was initially served with Plaintiff's Complaint on March 30, 2007, this case was not removed until June 7, 2007. Plaintiff argues this far exceeds the thirty-day time period to remove a case under **28 U.S.C. § 1446(b)**. However, in their defense, Defendants assert it was not apparent that this case was removable on the basis of diversity jurisdiction until it was confirmed by Plaintiff's counsel that the damages sought met the jurisdictional amount. According to Defendants, it was not until their counsel had a telephone

conversation with Plaintiff's counsel on June 1, 2007, that they knew Plaintiff would be seeking over $75,000 in damages (Doc. 10, pp. 1-2). Defendants' counsel thereafter sent a letter to Plaintiff's counsel, confirming the amount of damages sought (Doc. 19, Ex. B). Defendants removed the case on June 7, 2007. Even though they exceeded the initial thirty-day period after defendant Chantal was served, Defendants argue their removal was timely and proper under **§ 1446(b)**, under the statute's language stating, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable* . . . ." **28 U.S.C. § 1446(b) (emphasis added)**.

Plaintiff questions Defendants' claimed "lack of knowledge" regarding the amount of damages the suit represented, stating that a mere evaluation of the police report and photographs of the accident easily reveal a situation exceeding $75,000 in damages. To his Motion, Plaintiff has attached the police report and two photos depicting the extensive damage to the parties' vehicles caused by the accident. Further, Plaintiff offers precedential case law stating that a court may consider evidence outside of the pleadings in order to "shed light on the situation which existed when the case was removed," (Doc. 10, p. 5, citing ***Harman v. OKI Systems*, 115 F.3d 477, 480 (7th Cir. 1997)**). Plaintiff believes that it was apparent from the beginning that this case was removable, claiming that the "police

report establishes that plaintiff was burned at the scene and transported from the roadway by the helicopter" (Doc. 10, p. 5). In addition, Plaintiff believes his allegations that he suffered "*permanent* injuries" and that he will be "*disabled throughout his life*," lend credence to his arguments that a reasonable reading of the initial Complaint should have put Defendants on notice that Plaintiff was seeking damages in excess of $75,000 (Doc. 9, ¶ 3; Doc. 10, p. 5).

However, Defendants claim the police report did not state that Plaintiff's injuries included burns, nor did the allegations of Plaintiff's Complaint. Further, Defendants claim they have not been provided with any of Plaintiff's medical records nor has Plaintiff made a settlement demand (Doc. 19, pp. 7-8). Both parties, in support of their respective arguments, cite to a similar case opinion issued in this District: **Bailey v. Conocophillips Co.**, **No. 06-677-JLF, 2006 WL 3487655 (S.D. Ill. Dec. 4, 2006)(Foreman, J.)**. While this Court rarely relies on trial court opinions and directs counsel in its website to refrain from doing so, it will parse the cited case since both parties chose to ignore this suggestion and, in doing so, finds the reasoning of **Bailey** sound and therefore applies the same rationale to find in favor of Defendants.

In **Bailey**, the plaintiff, *inter alia*, contested the timeliness of the defendants' removal, asserting that their allegations were sufficient to put them on notice that damages would meet the jurisdictional amount. **Id. at *3-4**. The **Bailey** plaintiff relied upon the fact that the allegations asked for damages "in excess of

$50,000" and described his injuries as "severe and permanent," with extreme pain and suffering. *Id.* **at \*4**. The plaintiff also suffered a diminished earning capacity and continued to incur numerous medical expenses. *Id.* Acknowledging that in deciding the remand motion, courts could look at evidence outside of the allegations, the ***Bailey*** court also noted it was limited to looking only at the evidence "available at the moment the notice of removal was filed." *Id.* Upon review of what information was available at the time the defendants removed the case, the ***Bailey*** court found the plaintiff's vague allegations of injury such as "severe and permanent" and "extreme pain and suffering" failed to give sufficient notice establishing that the damages would likely meet the jurisdictional amount. *Id.* **at \*5 (explaining this was unlike a case where the allegations describe the plaintiff's injuries as "disfigurement" and "paralysis")**. Likewise, the fact that the allegations sought damages "in excess of $50,000" was also not conclusive, as Illinois law prohibits the inclusion of *ad damnum* clauses in complaints for personal injury actions. *Id.* **(citing 735 Ill. Comp. Stat. 5/2-604)**. Thus, the removal was proper, as the ***Bailey*** court concluded the defendants timely removed the case once the plaintiff had provided additional information that he would be seeking damages exceeding $75,000. *Id.*

        In the instant matter, contrary to Plaintiff's assertions, the police report does not state the fact that Plaintiff suffered burns from the accident, only that there was an injury. The report does not describe the injury or the condition of the

vehicles after the accident. It does, however, note that one driver was airlifted to a hospital in Quincy, Illinois, but that is not indicative of jurisdictional amount. The pictures Plaintiff attaches to his Motion to Remand were not made part of the pleadings and there is no evidence Defendants were in possession of these pictures at the time they were initially served with the Complaint. The fact Plaintiff does not contest Defendants' assertions that they did not have Plaintiff's medical records in their possession to provide them with earlier notice strengthens Defendants' argument.

The "boilerplate" allegations of the Complaint also are not descriptive enough to provide sufficient notice. Plaintiff did not allege he was burned, which would have likely provided sufficient notice. Although Plaintiff alleged his injuries were "permanent and ongoing" and that he is "disabled," these are too vague and ambiguous to describe the nature of Plaintiff's injuries to the extent necessary to determine the probable damages sought. Plaintiff seeks to create a situation in which a defendant may likely never remove a personal injury suit on the basis of diversity jurisdiction. For example, should a plaintiff plead only vague allegations of injury, a defendant will not have enough evidence to show a jurisdictional basis warranting removal. However, along these same lines, once a defendant *does* acquire reasonable jurisdictional evidence to remove a case, the plaintiff can then argue such removal untimely. Plaintiff cannot have it both ways. In this case, Defendants exercised prudence in waiting to remove the case once it was clear that the jurisdictional amount would be met, so that they would be able to support their

notice of removal with "competent proof." **See Chase, 110 F.3d at 427**. Forbearance of the removal decision is a tactic this Court has often urged in an effort to prevent the removal of cases genuinely lacking the jurisdictional amount. Upon learning the reasonably expected value of a case, which does not often occur until the parties are months into the discovery process, the rule provides for removal at that time. The Court finds the removal in this case timely and proper. Once Defendants' counsel learned of the damages sought and also that Plaintiff had suffered burns, it was clear that the jurisdictional amount was reasonably likely to be met. Thus, Plaintiff's case will remain in federal court. Any remaining arguments Plaintiff makes in support of his Motion are denied as moot.

### III. CONCLUSION

Plaintiff's Motion to Remand (Doc. 9) is hereby **DENIED**, the Court finding Defendants' removal to be proper and timely, the Court having proper jurisdiction over Plaintiff's claims under **28 U.S.C. § 1332**.

**IT IS SO ORDERED.**

Signed this 4th day of September, 2007.

/s/      DavidRHerndon
**United States District Judge**